UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80239-CIV-ROSENBERG\REINHART

EDWARD D. FAGAN,

    Plaintiff,

v.

CENTRAL BANK OF CYPRUS, et. al.,

    Defendants.

_____/

ORDER ON PLAINTIFF'S MOTION FOR PERMISSION TO MAKE ALTERNATIVE
SERVICE ON DEFENDANT PERSONS/ENTITIES IN BRITISH VIRGIN ISLANDS

Before the Court is *pro se* Plaintiff's Motion For Permission to Make Alternative Service on Defendant Persons/Entities in British Virgin Islands. Docket Entry ("DE") 7. The Plaintiff filed his Complaint on February 19, 2019. DE 1. His Motion seeks authority to serve the Complaint on two individuals and six entities by mailing it to their addresses in the British Virgin Islands. He asks the Court to enter an Order permitting this form of international service. He also asks the Court to direct the Clerk to serve the Summonses and Complaint on these defendants. DE 7 at 6. Because the Plaintiff is proceeding *pro se*, the Court will construe his pleading liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 4(f) governs service of process on individuals or entities not located in a judicial district of the United States.[1] Rule 4(f) provides three alternative means of service on a foreign person or entity. Plaintiff invokes Rule 4(f)(1), which permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as

---

[1] Rule 4(h) specifies the proper methods for serving a corporation, partnership, or unincorporated association. For entities outside the United States, it incorporates Rule 4(f), except for the ability to make personal service under Rule 4(f)(2)(c)(i). Fed. R. Civ. P. 4(h)(2).

those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." ("Hague Service Convention").  Section 10(a) of the Hague Service Convention states, "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." *See Water Splash, Inc. v. Menon,* ___ U.S. ___, 137 S. Ct. 1504, 1508 (2017).  While Section 10(a) does not affirmatively authorize service by mail, under the Hague Service Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

Rule 4(f)(1), as applied to the Hague Service Convention, permits service by mail. *Tracfone Wireless, Inc. v. Hernandez,* 126 F.Supp.3d 1357, 1361-62 (S.D. Fla. 2015)(J. Martinez)(collecting cases).  The only remaining issues are whether the Hague Service Convention applies to the British Virgin Islands, and, if so, whether they have objected to service by mail.  In *Richardson v. Attorney Gen. of the British Virgin Islands,* No. 3:08-CV-144, 2010 WL 2949438 (D.V.I. July 23, 2010), the United States District Court for the Virgin Islands held that Section 10 of the Hague Service Convention applied to service of process on two defendants in the British Virgin Islands.  It reasoned, "The United States and the United Kingdom are both signatories of the Hague Convention. The British Virgin Islands are an Overseas Territory of the United Kingdom." *Id.* at *1.  Public records of the Hague Conference on Private International Law show that the United Kingdom has not objected to service by mail under Section 10(a) of the Hague Service Convention.  https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn.  All the requirements of Rule 4(f)(1) are satisfied and the Plaintiff can properly make service by mail.

The Clerk of Court has already issued summonses.  DE 8.  Nothing in Rule 4(f)(1) prohibits the Plaintiff from mailing the Summonses and Complaint himself.  If he wishes to have the Clerk of Court serve these documents, he must first make financial arrangements for the Clerk's fees, including fees for copying and international mailing of the 119 page Complaint.  Plaintiff is also reminded that he must file proof of service as required by Fed. R. Civ. P. 4(l)(2).

WHEREFORE, it is ORDERED that the Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Plaintiff may effectuate service on the British Virgin Islands defendants by mail.  The Clerk of Court is not required to serve these defendants until the Plaintiff makes adequate financial arrangements to pay the Clerk's fees.

DONE AND ORDERED this 7th day of June, 2019, in chambers at West Palm Beach, Florida.

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE