UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80239-ROSENBERG/REINHART

EDWARD D. FAGAN,

   Plaintiff,

v.

CENTRAL BANK OF CYPRUS, *et al.*,

   Defendants.

_____/

**ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE**

     **THIS CAUSE** came before the Court upon the Clerk's Default [DE 18]. Upon review of the record, it appears that Defendants Fintop Ltd. and Brian Rance have failed to respond to the Complaint or otherwise appear in this action. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff must file one of the following two responses by **October 1, 2019**:

     **(1)** Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *Motion for Default Final Judgment*.

     The *Motion for Default Final Judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2).). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by email in Word format** at rosenberg@flsd.uscourts.gov. Plaintiff shall send a copy of the *Motion* to Defendants' counsel or to Defendants if they do not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

---

[1] If there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

If Defendants fail to move to set aside the Clerk's Default or respond to the Motion for Default Final Judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendants' property or money, and/or obtain other relief against them.

**(2)** Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*.  See *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2690 (3d ed. 1998); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability.  Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

Plaintiff's failure to file for a *Motion for Default Final Judgment* or *Notice of Joint Liability* within the specified time will result in **dismissal** without prejudice as to Defendants Fintop Ltd. and Brian Rance.

Based on the procedural posture of this case, the Court orders the Clerk of the Court to **CLOSE THIS CASE** for statistical purposes.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of September, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE