UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80239-ROSENBERG/REINHART

EDWARD D. FAGAN,

    Plaintiff,

v.

CENTRAL BANK OF CYPRUS, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTIONS TO DISMISS COMPLAINT AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT AS TO THE REMAINING DEFENDANTS

This cause comes before the Court on the Motion to Dismiss by Defendants Central Bank of Cyprus, Law Office of the Republic of Cyprus, Petros Clerides, and Eva Rossidou-Papakyriacou [DE 76] and on the Motion to Dismiss by Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sociètè Gènèrale Bank – Cyprus Limited[1] [DE 77]. The Court reviews the relevant procedural posture of this case before turning to the merits of the Motions to Dismiss.

The nine moving Defendants filed the Motions to Dismiss on February 14, 2020. Under Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida, Plaintiff's Responses to the Motions to Dismiss were due on February 28.

On February 20, Plaintiff filed a Notice of Unavailability in which he stated that he would be unavailable from February 24 to March 31 due to an upcoming medical procedure and his

---

[1] Plaintiff named these five Defendants in the Complaint as Bank of Cyprus, Alpha Bank, Euro Bank, USB Bank, and Sociètè General Bank. *See* DE 1. Plaintiff has not asserted that the Defendants who have appeared are not the intended Defendants.

subsequent rehabilitation. DE 78. The Court construed this filing as a Motion to extend the deadline to respond to the Motions to Dismiss to April 1 and granted the Motion. DE 79.

On March 30, Plaintiff filed a Motion to extend his deadline to respond to the Motions to Dismiss for an additional 60 days due to ongoing medical issues and limitations caused by the COVID-19 pandemic. DE 82. The Court granted the Motion and extended the deadline to respond to June 1. DE 83.

On June 1, Plaintiff filed Notices stating that he was voluntarily dismissing without prejudice his claims against the nine Defendants who had filed Motions to Dismiss. DE 85; DE 86. Because there remain eight named Defendants who have not yet appeared in this litigation and who, according to Plaintiff, are in default, the Notices of Voluntary Dismissal would not resolve this case. The Court therefore construed the Notices of Voluntary Dismissal as Motions to Dismiss the nine appearing Defendants and denied those Motions. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 956-58 (11th Cir. 2018) (explaining that Fed. R. Civ. P. 41(a)(1) permits a party to dismiss only an entire action without a court order). The Court stated that Plaintiff could renew his Motions to Dismiss if (1) each of the nine appearing Defendants consented to dismissal without prejudice, (2) he voluntarily dismissed his claims against the nine appearing Defendants with prejudice, or (3) he voluntarily dismissed all claims against all Defendants in the case. DE 87. The Court ordered him to file either a renewed Motion to Dismiss or his Responses to Defendants' Motions to Dismiss by June 12. The Court explained that it would grant no further extensions of this deadline, as Plaintiff had been given well over three months to prepare his Responses to the Motions to Dismiss. The Court further explained that his failure to comply with the June 12 deadline could result in the Court granting Defendants' Motions to Dismiss by default under Rule 7.1(c) Local Rules for the Southern District of Florida.

Plaintiff filed a Motion to extend the June 12 deadline on June 12. DE 89. He stated in that Motion that he requires additional time to contact the nine appearing Defendants to ascertain whether they will consent to the dismissal without prejudice of the claims against them. The nine appearing Defendants then filed Responses in which they oppose any additional extensions, make clear that they will not consent to a dismissal without prejudice, and ask that the Court rule on their Motions to Dismiss. DE 90; DE 91.

The Court denies Plaintiff's latest Motion for an extension of time. Plaintiff was previously informed that the Court would not further extend the June 12 deadline. *See* DE 87. Plaintiff has failed to respond to Defendants' Motions to Dismiss, despite the Motions having been filed over four months ago and the Court granting lengthy extensions. Plaintiff's failure to timely respond to the Motions to Dismiss is sufficient cause for granting the Motions to Dismiss by default under Rule 7.1(c) Local Rules for the Southern District of Florida.

In addition, the Court agrees with the contention in the Motion to Dismiss by Defendants Central Bank of Cyprus, Law Office of the Republic of Cyprus, Petros Clerides, and Eva Rossidou-Papakyriacou [DE 76] that this Court lacks subject matter jurisdiction over Central Bank of Cyprus and Law Office of the Republic of Cyprus under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1604 (stating that "a foreign state shall be immune from the jurisdiction of the courts of the United States"); *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312 (11th Cir. 2009) (explaining that a district court lacks subject matter jurisdiction over a plaintiff's claims against a foreign state unless an exception to the FSIA applies). Plaintiff seeks to hold Central Bank of Cyprus and Law Office of the Republic of Cyprus liable for failing to investigate and prosecute other Defendants for an alleged scheme. *See generally* DE 1. He acknowledges in the Complaint that Central Bank of Cyprus and Law Office of the Republic of Cyprus qualify as foreign states as "organ[s] of the Republic of Cyprus," and he has not shown, through his allegations or otherwise,

3

that an exception to the FSIA applies. *See, e.g.*, *id.* ¶¶ 32-33; *see also* 28 U.S.C. § 1603(a) (defining the phrase "foreign state" to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state"); 28 U.S.C. § 1605 (providing exceptions to the FSIA); *Butler*, 579 F.3d at 1312-13 (explaining that, "in order to establish subject matter jurisdiction under the FSIA, the plaintiff must overcome the presumption that the foreign state is immune from suit by producing evidence that the conduct which forms the basis of the complaint falls within one of the statutorily defined exceptions" (quotation marks omitted)).

The Court also agrees with the contention in the Motion to Dismiss [DE 76] that Petros Clerides and Eva Rossidou-Papakyriacou are foreign officials who are entitled to sovereign immunity. Plaintiff sues these two Defendants, respectively the former Attorney General of the Republic of Cyprus and the Chief of the Unit for Combating Money Laundering in the Republic of Cyprus, for failing to investigate and prosecute other Defendants for the alleged scheme. *See generally* DE 1. Sovereign immunity precludes Plaintiff's claims against these Defendants, as his allegations establish that he is attempting to hold the Republic of Cyprus liable for alleged failures by its officials. *See id.* ¶ 27 (asking that the Republic of Cyprus "be held responsible for the failures and wrongful acts of its officers who failed to take necessary and prudent actions to enforce the law"); *see also Doğan v. Barak*, 932 F.3d 888, 893-94 (9th Cir. 2019) ("Common-law foreign sovereign immunity extends to individual foreign officials for acts performed in their official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state." (alteration and quotation marks omitted)). Plaintiff has not come forward with any argument to show why sovereign immunity does not apply.

For these reasons, as well as due to Plaintiff's default, the Motion to Dismiss by Defendants Central Bank of Cyprus, Law Office of the Republic of Cyprus, Petros Clerides, and Eva Rossidou-

Papakyriacou [DE 76] is granted. Plaintiff's claims against these four Defendants are dismissed with prejudice.

The Court agrees with the contention in the Motion to Dismiss by Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sociètè Gènèrale Bank – Cyprus Limited [DE 77] that the Court lacks personal jurisdiction over these five Defendants. A court has personal jurisdiction over a nonresident defendant if that defendant is subject to jurisdiction under Florida's long-arm statute and if there are sufficient minimum contacts between the defendant and the state to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). "A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). If a defendant challenges personal jurisdiction by filing affidavits in support of his position, the plaintiff then bears the burden of proving by affidavit the basis for jurisdiction. *Id.*

Plaintiff alleges in the Complaint that this Court has jurisdiction over Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sociètè Gènèrale Bank – Cyprus Limited because these Defendants used accounts at United States banks as part of the alleged scheme, transact and solicit business in Florida, committed tortious acts and caused injury in Florida, and sent electronic communications into Florida that perpetuated the scheme. *See* DE 1, ¶¶ 60, 62-64. Defendants have filed affidavits to demonstrate that these allegations are untrue, and Plaintiff has not filed any affidavit to show that personal jurisdiction exists. *See* DE 77-1. Thus, the Court concludes that it lacks personal jurisdiction over these five Defendants.

For this reason, as well as due to Plaintiff's default, the Motion to Dismiss by Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sociètè Gènèrale Bank – Cyprus Limited [DE 77] is granted. Plaintiff's claims against these Defendants are dismissed without prejudice. *See Posner*, 178 F.3d at 1221 (stating that a dismissal for lack of personal jurisdiction should be without prejudice to permit litigation on the merits in the appropriate forum).

Finally, the Complaint names the following eight Defendants who have not yet appeared in this litigation and who, according to Plaintiff, are in default: G.K. Finance Limited, APUS Finance Ltd., APUS Fund Management Ltd., G.E.O. Holdings Limited, Holdsworth Associates Venture Incorporated, George Kallis a/k/a/ Georgios Kallis, Fintop Ltd., and Brian Rance. The Court takes no position at this time as to whether Plaintiff has pled plausible claims against these Defendants or whether he has properly served these Defendants.

Upon review of the Complaint, it is challenging, if not impossible, for the Court to determine which allegations and claims relate to the remaining Defendants, as opposed to the Defendants who are being dismissed by this Order. Therefore, the Court orders Plaintiff to file an Amended Complaint that repleads only his claims against the remaining Defendants **by no later than June 24, 2020**. The Amended Complaint may not replead claims against the dismissed Defendants or reargue matters decided by the Court. The Amended Complaint shall comply with all pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff shall list separate legal claims in separate counts and shall make clear which claims are brought against which Defendants. Plaintiff should also be mindful of the rules against shotgun pleadings that are discussed in binding precedent such as *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015).

**No extensions of the June 24, 2020 filing deadline will be granted.**  Plaintiff's failure to file an Amended Complaint by June 24, 2020, **will** result in the dismissal of this case.  Plaintiff shall also serve the remaining Defendants with the Amended Complaint.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for an Extension of Time [DE 89] is **DENIED**.

2. The Motion to Dismiss by Defendants Central Bank of Cyprus, Law Office of the Republic of Cyprus, Petros Clerides, and Eva Rossidou-Papakyriacou [DE 76] is **GRANTED**.  Plaintiff's claims against Defendants Central Bank of Cyprus, Law Office of the Republic of Cyprus, Petros Clerides, and Eva Rossidou-Papakyriacou are **DISMISSED WITH PREJUDICE**.

3. The Motion to Dismiss by Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sòcietè Gènèrale Bank – Cyprus Limited [DE 77] is **GRANTED**.  Plaintiff's claims against Defendants Bank of Cyprus Public Co. Limited, Alpha Bank Cyprus Limited, Eurobank Cyprus Limited, USB Bank PLLC, and Sòcietè Gènèrale Bank – Cyprus Limited are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

4. Plaintiff shall file an Amended Complaint **by June 24, 2020**.  The Amended Complaint shall comply with all requirements imposed by this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of June, 2020.

                                                                     ROBIN L. ROSENBERG
                                                                     UNITED STATES DISTRICT JUDGE

Copies furnished to: Plaintiff; Counsel of Record